

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

FAGAN DICKSON
FIRST ASSISTANT

July 19, 1948

Hon. Wm. B. Martin
County Attorney
Hill County
Hillsboro, Texas

Opinion No. V-639.

Re: Escheat of money remain-
ing in a County Deposi-
tory road district ac-
count after dissolution
of the district and re-
lated questions.

Dear Sir:

We gather the following factual situation from your letter:

In 1919 the Commissioners' Court of Hill County created road district No. 11 known as Penelope Road District No. 11 in Hill County, and bonds of the district were voted for the purpose of constructing, maintaining, and operating macadamized, graveled and paved roads and turnpikes and in aid thereof.

In September 1919 the Commissioners' Court levied a tax of $1.50 on each $100 valuation of taxable property in the district to pay the interest and sinking fund for said bonds.

On September 11, 1920 at an election held for the purpose, the qualified voters of the District voted in favor of canceling and revoking the authority to levy the tax and issue the bonds. The Commissioners' Court canvassed the returns of said election, declared the result, and entered its order canceling the road bonds and ordered them destroyed. The road district was abolished.

After the tax was levied and before the authority to levy same was revoked, the taxpayers of the district paid $16,327.00 in taxes to the tax collector, the net sum from which was placed in the County Depository.

At the December term, 1920, of the District Court of Hill County a judgment was entered in favor

of the taxpayers against the Depository, the Commissioners' Court and Treasurer of Hill County, ordering the refund to the taxpayers of their ratable portion of the money available in the funds of said district derived from said tax levy, based upon tax receipts presented by them to said Commissioners' Court.

The sum of $313.07 of said tax money now remains in the County Depository to the credit of "Penelope Trust Fund," which, in fact, belonged to the individual taxpayers under the district court judgment.

We are assuming from your letters and the petition filed by Mr. Calvert, a copy of which you enclosed, that no claim has been made for any part of said $313.07 by anyone at any time, and at this time the name or address of no person or the heirs or representatives of any person who is entitled to any part thereof is known or ascertainable.

Article 3272, V. C. S. reads:

"If any person die seized of any real estate or possessed of any personal estate, without any devise thereof, and having no heirs, or where the owner of any real or personal estate shall be absent for the term of seven years, and is not known to exist, leaving no heirs, or devisee of his estate, such estate shall escheat to and vest in the State. Where no will is redorded or probated in the county where such property is situated within seven years after the death of the owner it shall be prima facie evidence that there was no will, and where no lawful claim is asserted to, or lawful acts of ownership exercised in such property for the period of seven years, and this has been proved to the satisfaction of the court, it shall be prima facie evidence of the death of the owner without heirs. Any one paying taxes to the State on such property, either personally or through an agent, shall be held to be exercising lawful acts of ownership in such property within the meaning of this title, and shall not be concluded by any judgment, unless he be made a party by personal

service of citation, to such escheat proceedings, if a resident of this State, and his address can be secured by reasonable diligence, but, if he be a non-resident of the State or can not be found, the personal service of citation shall be made upon any agent of such claimant, if such agent, by the use of reasonable diligence, can be found; such diligence to include an investigation of the records of the office and inquiry of the tax collector and tax assessor of the county in which the property sought to be escheated is situated. Acts 1885, p. 35, G.L. vol. 9, p. 655; Acts 1907, p. 111." (Emphasis added throughout).

Article 3273 reads:

"When the district or county attorney shall be informed, or have reason to believe, that any estate, real or personal, is in the condition specified in the preceding article, he shall file a sworn petition which shall set forth a description of the estate, the name of the person last lawfully seized or possessed of same, the name of the tenants or persons in actual possession, if any, and the names of the persons claiming the estate, if any such are known to claim or whose claim may be discovered by the exercise of reasonable diligence, and the facts or circumstances in consequence of which such estate is claimed to have escheated and the diligence exercised to discover the claimants of same, praying that such property be escheated and for a writ of possession therefor in behalf of the State."

In Robinson v. State, 117 S. W. 2d 809 (Error refused) the Court said in part:

"This is a proceeding by the State of Texas against the Unknown Heirs of William Bradford, deceased, to escheat the estate of said deceased. Tennie V. Robinson and others intervened. This is the third appeal in the case. . . . Upon the last trial which was without the aid of a jury, the Court found that William Bradford, deceased, died '"having no heirs" *** no heirs who can be ascertained by the exercise of reasonable diligence.' Upon this and other findings made,

judgment was rendered escheating the estate, from which Tennie V. Robinson and others appeal.

"It is first asserted the finding stated is not a finding that William Bradford died having no heirs. Wherefore, the judgment in the State's favor was unauthorized. This proposition is ruled against appellants by the opinion reported in Tex. Civ. App., 109 S. W. 2d 559. It was there held the phrase 'having no heirs, 'means no known heirs, and no heirs who can be ascertained by the exercise of reasonable diligence. That is, such diligence as a reasonably diligent person would exercise in the transaction of his own business under the same or similar circumstances. We adhere to that ruling, and overrule appellants' first proposition."

We are of the opinion that in the circumstances stated in your request that 27 years have passed since the District Court of Hill County rendered judgment in favor of the persons entitled to tax refund and during that time no one has claimed any part of the $313.07; and that neither such persons nor the heirs or representatives of any of them can now be ascertained by the exercise of reasonable diligence, renders said sum of $313.07 subject to escheat proceeding by the State.

## SUMMARY

Where taxes were levied and collected to pay interest and create a sinking fund to pay bonds of a road district, which district was abolished and no bonds were issued; a judgment was rendered by the district court ordering the officials and depository to refund such tax money prorata to the persons who paid it and the sum of $313.07 thereof has not been claimed for a period of 27 years and those now entitled to receive it cannot be ascertained by

reasonable diligence, said sum of $313.07 is now subject to escheat proceedings by the State.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By *W. T. Williams*

W. T. Williams
Assistant

WTW:wb

APPROVED:

*Fagan Dickson*

FIRST ASSISTANT
ATTORNEY GENERAL